LINKS: 970, 981

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | N/A | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

**Proceedings:** (In Chambers)

### ORDER RE: MOTIONS FOR ATTORNEY'S FEES AND COSTS

**I.
INTRODUCTION**

Plaintiffs are police officers employed by the Los Angeles Police Department ("LAPD") who brought a class action suit in 2003 against the City of Los Angeles (the "City") for alleged violations of the wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). In September 2013, the City and 21 of the remaining 25 Plaintiffs entered into a Settlement Agreement and Release, and the Court subsequently executed the Parties' Stipulated Judgment and Order approving the terms of the Settlement Agreement and Release. This Settlement Agreement and Release provided, among other things, that each Plaintiff was deemed a "prevailing party" for purposes of attorney's fees and costs.

Before the Court now are two motions for attorney's fees and costs filed by the Law Offices of Herbert Hafif ("LOHH") and the Law Offices of Fenja Klaus ("LOFK"), both of which represented Plaintiffs in this action. (Docket No. 970 [LOHH's Motion for Attorney's Fees and Costs ("LOHH Mem.")]; Docket No. 981 [LOFK's Motion for Attorney's Fees and Costs ("LOFK Mem.")].) LOFK also joins in LOHH's motion for attorney's fees and costs. (Docket No. 981 [Motion for Joinder].)

Because of substantial overlap in the fee applications, because the applications contain a significant number of unnecessary duplication in effort, and because the applications reflect a substantial variance between the outcome and the fees allocated to the lawsuits, the Court will award LOHH a reduced fee. The Court **DENIES** LOFK's motion in its entirety.

LINKS: 970, 981

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

**II.
BACKGROUND**

As the Parties and the Court are very familiar with the extensive history of this case, the Court will limit the background to those facts relevant to the instant motion.

On March 28, 2003, Plaintiff James Nolan filed an FLSA suit on behalf of a group of sworn officers of the LAPD (collectively, "Plaintiffs") alleging that the City violated the FLSA, 29 U.S.C. § 201, et seq., when it failed to compensate the officers for pre-shift, and post-shift overtime and hours worked through meal periods without compensation. (Docket No. 1 [Complaint]; Docket No. 979 [Declaration of Gregory Hafif ("Hafif Decl.")] ¶¶ 6, 7.) The case was transferred to this Court on April 13, 2006. (Docket No. 144 [Order of the Chief Judge].)

LOHH and LOFK officially became involved in the case in August 2006 and March 2008, respectively. (Hafif Decl. ¶ 10; Docket No. 981-1 [Declaration of Fenja Klaus ("Klaus Decl.")] ¶ 8.) On October 21, 2009, Fenja Klaus filed her notice of change of attorney, formally joining LOHH. (Docket No. 705 [Change of Attorney]; Hafif Decl. ¶ 22.)

After ten years of litigation, the Parties entered into a Settlement Agreement and Release, which was accepted by 21 of the remaining 25 Plaintiffs. The settlement negotiations began after a verdict was rendered in favor of four Plaintiffs in an exemplar jury trial conducted in April 2011. (Hafif Decl. ¶¶ 32-33.) The Settlement Agreement and Release provides that, in settlement of all existing or potential FLSA wage and hour claims that Plaintiffs may have against the City, the City shall pay Plaintiffs in the amount of $89,319, which represents the combined unpaid overtime compensation and liquidated damages for all 21 Plaintiffs. (Docket No. 961-1 [Settlement Agreement and Release].) The Settlement Agreement and Release also provides that each Plaintiff is deemed to be a "prevailing party" for purposes of attorney's fees and costs. (Id.) On September 17, 2013, the Court executed the Parties' Stipulated Judgment and Order approving the terms of the Settlement Agreement and Release. (Docket No. 967 [Stipulated Judgment and Order].)

Pursuant to Rule 54, Plaintiffs were required to file any motions for attorney's fees and costs no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54. LOHH and LOFK timely filed motions. (See Docket Nos. 970 and 981.) The Court addresses the merits of each below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

**III.
DISCUSSION**

**A. LEGAL STANDARD**

     The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The Ninth Circuit has held that the "starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). There is a strong presumption that the lodestar figure represents a reasonable fee. Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing Pennsylvania v. Del. Valley Citizens' Council for Clear Air, 478 U.S. 546, 564-65 (1986)).

     After calculating the lodestar, the Court must then decide whether to adjust this "presumptively reasonable" figure based on the factors enumerated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), that have not been subsumed in the lodestar calculation.[1] Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1028-29 (9th Cir. 2000). The Ninth Circuit has noted that many of the Kerr factors are subsumed within the lodestar calculation. Jordan, 815 F.2d at 1262. While the district court must consider the Kerr factors, it need not discuss all of them "because most are not matters on which anything is at issue or needs to be said." McGinnis v. Ky. Fried Chicken of Cal., 51 F.3d 805, 809 (9th Cir. 1994).

     Although district courts have a great deal of discretion in determining the reasonableness of the fee, including the reasonableness of the rates and of the hours claimed by the prevailing party, they are required to provide a "concise but clear explanation" of their reasons for the fee award. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Hensley "concise but clear"

---

     [1] Kerr was decided before the lodestar approach was adopted by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), as the starting point for determining reasonable fees. In Kerr, the Ninth Circuit adopted the 12-factor test articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); this analysis identified the following factors for determining reasonable fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

language has been interpreted as requiring a district court to provide "at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review." Gates, 987 F.2d at 1398 (citing Cunningham v. County of Los Angeles, 879 F.2d 481, 485 (9th Cir. 1988)).

However, "[d]espite the 'concise but clear' requirement, in cases where a voluminous fee application is filed in exercising its billing judgment the district court is not required to set forth an hour-by-hour analysis of the fee request." Id. at 1399. Rather, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." Id. (internal quotation marks omitted). But when a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must still "set forth a 'concise but clear' explanation of its reasons for choosing a given percentage reduction . . . ." Id. at 1400.

**B. APPLICATION TO LOHH'S MOTION FOR ATTORNEY'S FEES AND COSTS**

The Gates approach to the analysis of voluminous fee applications applies in this case. LOHH submits 349 pages of billing entries documenting 4,327.26 hours of work over a period of seven years for multiple attorneys and a paralegal, for a total lodestar figure of $1,514,907.64. (Hafif Decl., Ex. E.) The City opposes, arguing that this lodestar figure is excessive and unreasonable, particularly in light of Plaintiffs' limited success. (Docket No. 1017 [Opposition to LOHH's Motion for Attorney's Fees and Costs ("LOHH Opp.")].) The Court agrees in part with the City, and discusses its reasons for reducing LOHH's submitted attorney's fees below.

**1. REASONABLENESS OF THE HOURLY RATES**

In order to calculate the lodestar, the Court must first determine the reasonable hourly rate for LOHH's attorneys and paralegal who worked on this matter.

In support of a motion for attorney's fees, a party must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984). The relevant community is that in which the district court sits. See Schwarz v. Sec'y of Health and Human Serv., 73 F.3d 895, 906 (9th Cir. 1995). Declarations regarding the prevailing market rate in the relevant community suffice to establish a reasonable hourly rate. See Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998); Guam Soc'y of Obstetricians & Gynecologists v. Ada, 100 F.3d 691, 696 (9th Cir. 1996) (noting that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

declarations from attorneys in the community can provide adequate proof of the reasonableness of counsel's rates). Courts frequently use survey data as well in evaluating the reasonableness of an attorney's rates. See, e.g., Petroleum Sales, Inc. v. Valero Refining Co.-California, 2007 WL 2694207, at *4-5 (N.D. Cal. Sept. 11, 2007) (holding that survey evidence shedding light on the rates charged by lawyers of "comparable skill, experience and reputation" is relevant in evaluating the reasonableness of claimed rates). In addition to affidavits from Plaintiffs' attorneys and other attorneys regarding the prevailing rates in the community, rate determinations in other cases "are satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

Here, LOHH has provided declarations of the six attorneys and one paralegal who worked on this case. (Docket No. 971 [Declaration of Miguel Caballero]; Docket No. 972 [Declaration of Michael G. Dawson]; Docket No. 973 [Declaration of Fenja Klaus]; Docket No. 974 [Declaration of Kenneth Mariboho]; Docket No. 976 [Declaration of Eugene Senf]; Docket No. 977 [Declaration of Rachael Wager-LaCross]; Hafif Decl.) All of the declarations describe the education, work experience, and skills of the attorney. (See id.) LOHH also submits the Declaration of Larry Sackey ("Sackey"), a trial attorney with over 34 years of litigation experience in Southern California, who has knowledge of the comparable hourly rates charged by attorneys who specialize in similar litigation. (Docket No. 975 [Declaration of Larry Sackey ("Sackey Decl.")]). Sackey opines that all of the requested rates of LOHH's attorneys and paralegal are fair and reasonable. (Id.) The City does not contest these stated hourly rates.

The Court has reviewed the various declarations of LOHH's attorneys, paralegal, and Sackey, and has considered the additional evidence supporting the reasonableness of the proposed rates, including the fact that other courts have affirmed these rates as reasonable. (See Hafif. Decl., Exs. C and D.) Based on this information, the Court finds that LOHH's attorneys' and paralegal's proposed hourly rates are reasonable. Thus, the following hourly rates will be used to calculate the lodestar:

    Greg Hafif ("GKH"): $500 (2006-2010); $550 (2010-2013)
    Miguel Caballero ("MGC"): $450
    Michael Dawson ("MGD"): $450
    Fenja Klaus ("FK"): $400
    Kenneth Mariboho ("KM"): $400
    Eugene Senf ("ES"): $325
    Rachael Wager-LaCross ("RW"): $175

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

### 2. REASONABLENESS OF THE HOURS EXPENDED

Having determined the reasonable hourly rates, the Court must next determine the number of hours "reasonably expended" on the litigation. Hensley, 461 U.S. at 433-34. In making this determination, the Court should exclude hours that appear to be "excessive, redundant, or otherwise unnecessary." Id. at 434. The party seeking the fee "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Gates, 987 F.2d at 1397. The party opposing the fee application has the "burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Id. at 1397-98.

LOHH submits records documenting 4,327.26 hours spent on this litigation. (See Hafif Decl., Ex. E.) The City contends that LOHH's claimed hours are unreasonable and should be reduced significantly for several reasons, which are detailed in a series of charts compiled by the City's fee expert, Robert Bruning. (See Docket No. 1018 [Declaration of Robert M. Bruning ("Bruning Decl.")], Exs. C-O.) The Court discusses these reasons below.

#### a. "Gap Time" and "Donning and Doffing Hours"

First, the City contends that, because Plaintiffs were ultimately unsuccessful on their "gap time" claims and "donning and doffing" claims, LOHH's hours should be reduced to reflect this limited success. (LOHH Opp. at 6-12.) The Court agrees.

In deciding the reasonableness of an attorney's fee award, "the most critical factor is the degree of success obtained." Hensley, 461 U.S. at 436. The Supreme Court has articulated a two-part inquiry in cases in which a plaintiff's success is limited: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id. at 434. In cases in which a plaintiff brings different claims for relief based on different facts and legal theories, counsel's work on an unsuccessful, unrelated claim cannot be "deemed to have been expended in pursuit of the ultimate result achieved," and no fee may be awarded for hours spent on the unsuccessful claim. Id. at 435 (internal quotations and citations omitted). However, in cases in which only a single claim is presented or in which different claims involve a common core of facts or related legal theories, it can be difficult to "divide the hours expended on a claim-by-claim basis." Id. Nevertheless, if a plaintiff has achieved only partial or limited success, the "product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount," and this "will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id. at 436.

Here, although Plaintiffs brought one claim under the FLSA against the City, this claim was comprised of distinct sub-issues that were readily segregated, litigated and separately briefed. Plaintiffs' "gap time" claims involved a determination of whether the City "must compensate sworn officers for hours worked in excess of a scheduled tour of duty . . . but falling below the FLSA 28-day overtime threshold of 171 hours set forth in 29 U.S.C. § 207(k), which is commonly referred to as 'gap time.'" (Docket No. 664 [12/1/08 Order] at 1.) The Court resolved this issue in favor of the City on a motion for partial summary judgment. (Id. at 18.) Plaintiffs' donning and doffing claims involved a determination of whether or not Plaintiffs were entitled to compensation for donning and doffing their uniforms and safety equipment. (Docket No. 684 [5/5/09 Order] at 1.) Although the Court initially ruled in favor of Plaintiffs on this issue, the City ultimately prevailed on this issue on a motion for reconsideration based on the Ninth Circuit's decision in Bamonte v. City of Mesa, 598 F.3d 1217 (9th Cir. 2010), which was decided after this Court's ruling. (Docket No. 748 [7/1/10 Order].)

In reviewing LOHH's billing records, the Court finds that the time spent on Plaintiffs' gap time claims and donning and doffing claims was clearly marked and is thus capable of being discretely calculated and removed. Even if these issues were somewhat related to the overtime issues upon which Plaintiffs' ultimately achieved some success, the Court must still take into account Plaintiffs' partial or limited success in determining whether the hours spent on the litigation were reasonable. The Court concludes that, because it is able to isolate the hours that LOHH spent on Plaintiffs' gap time and donning and doffing claims, these hours should be excluded from the final lodestar calculation. The Court separately addresses the degree of success on the overtime claim after consideration of all other elements of the fee application.

Accordingly, the following hours must be deducted from the total hours expended for purposes of calculating the lodestar:

**Hours Spent on Gap Time Claims**

| GKH | MGC | MGD | FK | ES | KM | RW |
|---|---|---|---|---|---|---|
| 3.1 hrs | 29.3 hrs | 0 hrs | 2.0 hrs | 93.1 hrs | 0.8 hrs | 0 hrs |

*Total: 128.3 hrs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

**Hours Spent on Donning and Doffing Claims**

| GKH | MGC | MGD | FK | ES | KM | RW |
|---|---|---|---|---|---|---|
| 41.4 hrs | 164.4 hrs | 0 hrs | 166.9 hrs | 101.4 hrs | 1.3 hrs | 54.1 hrs |

*Total: 529.5 hrs*

### b. *Time Related to Non-Settling Plaintiffs and Non-<u>Nolan</u> Cases and Issues*

The City contends that LOHH's claimed hours should be reduced for "work associated with non-settling Plaintiffs and . . . work associated with cases other than <u>Nolan</u>." (LOHH Opp. at 14.) The Court agrees. Although 21 Plaintiffs entered into the Settlement Agreement and Release with the City, LOHH initially represented more than 40 Plaintiffs in this action. Many of the Plaintiffs eventually opted out of the litigation, and four Plaintiffs refused to accept the terms of the Settlement Agreement and Release. Because these Plaintiffs' claims were not resolved during the litigation, LOHH cannot be compensated for time spent in relation to these non-settling Plaintiffs.

LOHH also documented a considerable number of hours spent on the related class action cases, <u>Alaniz v. City of Los Angeles</u>, CV 04-8592 GAF (AJWx), and <u>Mata v. City of Los Angeles</u>, CV 07-6782 GAF (AJWx). Additionally, LOHH recorded many hours spent researching potential retaliation claims against the City, including time related to the retaliation case, <u>Romney v. City of Los Angeles</u>, and time spent seeking a protective order for Plaintiffs in the instant action. Although this work may have provided some benefit to Plaintiffs, it is not directly related to litigating Plaintiffs' FLSA claim against the City in the <u>Nolan</u> case. The hours spent on these separate issues thus should not be included in the lodestar calculation.

Through its independent review of LOHH's records, the Court has determined that the following hours were spent on non-settling Plaintiffs or Non-<u>Nolan</u> cases:

**Non-Settling Plaintiffs**

| GKH | MGC | MGD | FK | ES | KM | RW |
|---|---|---|---|---|---|---|
| 1.4 hrs | 29.1 hrs | 0 hrs | 28.9 hrs | 0 hrs | 1.8 hrs | 25.7 hrs |

*Total: 86.9 hrs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

**Non-Nolan Cases**

| GKH | MGC | MGD | FK | ES | KM | RW |
|---|---|---|---|---|---|---|
| 22.2 hrs | 44.0 hrs | 0 hrs | 152.1 hrs | 0 hrs | 0.1 hrs | 45.8 hrs |

*Total: 264.2 hrs*

### c. Time Spent on Clerical and Administrative Tasks

The City correctly argues that LOHH's hours expended cannot include time spent on "clerical and administrative tasks." (LOHH Opp. at 15.) See Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989). "Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable." Comcast of Ill. X, LLC v. Jung Kwak, 2010 WL 3781768, *6 (D. Nev. Sept. 17, 2010) (internal citations omitted). The Court's review of LOHH's entries demonstrates that LOHH recorded several hours spent on scheduling, filing and serving documents, preparing and obtaining retainer agreements, and updating files. Additionally, LOHH recorded time entries related to coordinating and obtaining substitutions of attorney in this matter. These tasks are clerical and administrative, and thus not recoverable in an attorney's fee award.

The Court has determined that the following hours spent on clerical and administrative work must be excluded from the lodestar calculation:

**Clerical and Administrative Tasks**

| GKH | MGC | MGD | FK | ES | KM | RW |
|---|---|---|---|---|---|---|
| 16.75 hrs | 9.4 hrs | 0 hrs | 8.0 hrs | 2.8 hrs | 5.8 hrs | 37.5 hrs |

*Total: 80.25*

### d. Duplicative Hours

The City further argues that LOHH's hours must be reduced due to "excessive intra-office conferencing," which resulted in duplicative billing. (LOHH Opp. at 15.) Fee applicants are not entitled to excessive, unnecessary, or redundant work. See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986); Hensley, 461 U.S. at 434. Courts may reduce the lodestar where the case was overstaffed and hours are duplicated. Chalmers, 796 F.2d at 1210. The Court finds that LOHH has billed many hours in which multiple attorneys were involved in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

completing the same task, attending the same meeting, or reviewing the same order, all of which could have been effectively accomplished by one or two attorneys. This is particularly true in relation to time expended by LOHH's paralegal and less experienced attorneys, who often duplicated the work of LOHH's more senior lawyers. Although some intra-office conferencing and collaborative work is necessary, the Court's review of LOHH's records indicates that its billed hours include an excessive amount of duplicative and redundant work. Additionally, through mistake or inattention, LOHH appears to have recorded identical billing entries on several days throughout its 349 pages of documented time. Accordingly, the following hours must be excluded from the lodestar calculation:

**Duplicative Hours**

| GKH | MGC | MGD | FK | ES | KM | RW |
|---|---|---|---|---|---|---|
| 0.2 hrs | 88.8 hrs | 2.8 hrs | 19.6 hrs | 24.8 hrs | 23.8 hrs | 171.6 hrs |

*Total: 331.6 hrs*

### e. Time Spent on Plaintiffs' Counsel's Conflicts

The City also correctly points out that "LOHH cannot bill the City for the time it spent dealing with its repeated squabbles with other counsel that represented the various Plaintiffs in this action." (LOHH Opp. at 17.) Particularly toward the end of the Nolan litigation, Plaintiffs' counsel experienced considerable internal strife that ultimately delayed the resolution of the case. In fact, on January 23, 2013, this Court appointed a Special Master to investigate and mediate Plaintiffs' counsel's disputes. (Docket No. 941 [1/23/13 Order].) The Court's review of LOHH's records indicates that it has billed hours related to these internal disputes among Plaintiffs' counsel. Accordingly, the following hours must be excluded from the lodestar calculation:

**Plaintiffs' Counsel's Internal Conflicts**

| GKH | MGC | MGD | FK | ES | KM | RW |
|---|---|---|---|---|---|---|
| 3.8 hrs | 0 hrs | 0 hrs | 0.1 hrs | 0 hrs | 0 hrs | 23.0 hrs |

*Total: 26.9 hrs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

### *f. Block Billing, Vague Time Entries, and Inaccurate or Inflated Billing Entries*

The City also argues that LOHH's hours must be reduced due to inappropriate block-billing, vague time entries, and inaccurate or inflated billing entries. (LOHH Opp. at 15-18.) As discussed above, LOHH has the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Gates, 987 F.2d at 1397. The fee applicant must "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437; see also Fischer v. SJN-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (holding that a district court may reduce hours to offset "poorly documented" billing). A fee applicant fails to carry its burden when it submits records with vague or block-billed entries that make it difficult for a court to determine how much time was spent on a particular activity. See Welsh v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (citing Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness"). Additionally, the Court should exclude hours that appear to be "excessive" or "unnecessary." Hensley, 461 U.S. at 434.

Here, the Court's review of LOHH's records establishes that there are time entries that are overly vague or block billed, making it difficult to determine whether they are reasonable, as well as hours that appear to be excessive or inflated in relation to the corresponding task. For example, LOHH submits many entries that merely indicate that an email was sent or that a phone call was made without describing in any way the reason for or topic of the particular correspondence. The attorneys and paralegal also periodically engaged in block billing in which they recorded several tasks under a single time entry, making it difficult to ascertain whether the cumulative time was reasonable. Additionally, the Court has deducted excessive hours spent researching, reviewing and analyzing documents, and drafting correspondence.

The following charts detail the number of hours that must be excluded from the lodestar calculation because the Court has determined that they are vague or excessive, as well as time that must be reduced due to block billing. The Court will impose a 30% reduction for those entries that were block billed.

**Vague Time Entries**

| GKH | MGC | MGD | FK | ES | KM | RW |
|---|---|---|---|---|---|---|
| 3.3 hrs | 9.0 hrs | 0 hrs | 0.5 hrs | 7.0 hrs | 0 hrs | 18.6 hrs |

*Total: 38.4 hrs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

**Excessive Time Entries**

| GKH | MGC | MGD | FK | ES | KM | RW |
|---|---|---|---|---|---|---|
| 0.1 hrs | 30.5 hrs | 0.4 hrs | 12.8 hrs | 0 hrs | 0 hrs | 117.8 hrs |

*Total: 161.6 hrs*

**Block Billing (representing 30% of total block billed hours for each individual)**

| GKH | MGC | MGD | FK | ES | KM | RW |
|---|---|---|---|---|---|---|
| 15.93 hrs | .93 hrs | 0 hrs | 7.38 hrs | 0 hrs | 0 hrs | 27.57 hrs |

*Total: 51.81 hrs*

  Additionally, the Court notes that LOHH's billing entries include hours recorded by Robert S. Ackley ("Ackley" or "RSA"), Charles E. Hill ("Hill" or "CEH"), and Angelica Arteaga ("Arteaga" or "AA"). However, these individuals have not submitted declarations explaining the reasonableness of their stated hourly rate, and LOHH does not account for them in its motion for attorney's fees. To the contrary, LOHH explicitly states that "six lawyers and one paralegal billed time in connection with this litigation: managing attorney Greg Hafif and associates Miguel Caballero, Michael Dawson, Fenja Klaus, Kenneth Mariboho, and Eugene Senf, as well as paralegal Rachael Wager-LaCross." (LOHH Mem. at 13.) Because the involvement and experience of Ackley, Hill, and Arteaga are not explained in any of LOHH's submitted documents, the Court cannot determine whether their time entries are accurate or reasonable. Thus, the Court will exclude the following hours from the lodestar calculation:

**Time Entries for Ackley, Hill, and Arteaga**

| RSA | CEH | AA |
|---|---|---|
| 157.26 | 78.8 | 79.4 |

*Total: 315.46 hrs*

  **3.  FINAL LODESTAR CALCULATION**

  As discussed above, the lodestar figure is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. <u>Gates</u>, 987 F.2d at 1397.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

The following chart represents the total number of hours that must be excluded from LOHH's lodestar calculation, as well as the total sum of money that must accordingly be deducted from LOHH's stated lodestar figure.

| Attorney/Paralegal (hourly rate) | Total Hours Reduced | Total Dollar Reduction |
|---|---|---|
| GKH ($500 or $550) | 108.18 | $55,790.50 |
| MGC ($450) | 405.43 | $182,443.50 |
| MGD ($450) | 3.2 | $1,440 |
| FK ($400) | 398.28 | $159,312 |
| ES ($325) | 229.1 | $74,457.50 |
| KM ($400) | 33.6 | $13,440 |
| RW ($175) | 521.67 | $91,292.25 |
| CEH ($325) | 78.8 | $25,610 |
| RSA ($375) | 157.26 | $58,972.50 |
| AA ($175) | 79.4 | $13,895 |
| **ALL** | **1,997.65** | **$676,653.25** |

In its motion, LOHH urges that it should be awarded a total lodestar figure of $1,514,907.64. As demonstrated in the table above, the Court concludes that this figure must be reduced by at least $676,653.25, which accounts for all of the Court's reductions in LOHH's stated hours discussed above. After this reduction, the new lodestar figure is $838,254.39.

The Court awards LOHH **$838,254.39** in attorney's fees.

**4. COSTS**

LOHH asks for $39,963.17 in litigation costs. Under the FLSA, prevailing Plaintiffs can recover "costs of the action." 29 U.S.C. § 216(b). "The Ninth Circuit has held that '[o]ut-of-pocket litigation expenses' are reimbursable as part of an attorney's fee award, distinct from the costs awarded to plaintiffs as part of an application to tax costs pursuant to 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

1920." Hoffman v. Construction Protective Services, Inc., 2006 WL 6105638, at * 8 (C.D. Cal. Aug. 31, 2006) (quoting United Steelworkers of Am., 896 F.2d at 407). Plaintiffs may recover reasonable out-of-pocket expenses "that would normally be charged to a fee paying client." Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994); see also Rutti v. Lojack Corp., Inc., 2012 WL 3151077, at * 12 (C.D. Cal. July 31, 2012) ("Reasonable litigation expenses are ordinarily included in an award of attorneys' fees pursuant to the FLSA.").

  The City argues that LOHH should not be awarded these costs because it "failed to follow the procedure for the recovery of costs required by this Court's Local Rules." (LOHH Opp. at 18.) According to the City, LOHH should have filed a bill of costs with the court clerk pursuant to Local Rule 54-2.1. (Id.) However, Federal Rule of Civil Procedure 54(d)(2) requires a prevailing plaintiff seeking an award of reasonable attorney's fees and costs under a fee-shifting statute such as the FLSA to bring a post-judgment motion. See Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."). LOHH complied with this procedure by filing a motion for attorney's fees and costs within 14 days after entry of judgment, and is thus entitled to its reasonable costs of litigation. See Fed. R. Civ. P. 54(d)(2)(B). The City does not contest LOHH's claimed costs beyond this alleged procedural defect.

  After reviewing LOHH's submitted costs, attached as Exhibit H to the Hafif Decl., the Court finds that they were a reasonable and necessary part of the litigation and are of a type customarily billed to a fee-paying client. See In re Immune Sec. Litig., 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("Filing fees and photocopies are also a necessary expense of litigation . . . ."); Greenspan v. Auto. Club of Mich., 536 F. Supp. 411, 417 (E.D. Mich. 1982) (awarding costs for telephone, printing, and postage expenses); Robinson v. Ariyoshi, 703 F. Supp. 1412, 1436-37 (D. Haw. 1989), rev'd on other grounds, 933 F.2d 781 (9th Cir. 1991) (agreeing that online research is "an essential tool of a modern efficient law office" and that such costs should be treated as "expenses normally billed to fee-paying clients").

  Accordingly, the Court awards LOHH **$39,963.17** in costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2190 GAF (AJWx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | James Nolan v. City of Los Angeles, et al | | |

### C. APPLICATION TO LOFK'S MOTION FOR ATTORNEY'S FEES AND COSTS

Fenja Klaus ("Klaus"), the former managing attorney of LOFK, also moves for attorney's fees for the period of time that she represented Plaintiffs in this action but had not yet joined LOHH. (LOFK Mem.) In her declaration, she states that "[d]uring the period in which [she] operated under the Law Offices of Fenja Klaus [she] spent approximately 280 hours working on the litigation of this matter for total fees of $112,000." (Klaus Decl. ¶ 16.) The City opposes LOFK's motion, arguing that it should be denied in its entirety because "LOFK admittedly has no contemporaneous billing records, and its attempt to reconstruct its billable time is flawed and permeated with requests for fees for unnecessary and duplicative tasks and time spent on unsuccessful claims." (Docket No. 1016 [Opposition to LOFK's Motion for Attorney's Fees and Costs ("LOFK Opp.")] at 1.) The Court agrees.

As discussed above, the fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Gates, 987 F.2d at 1397. Here, Klaus reconstructed her billing hours because, although she insists that her records were previously in the possession of her prior employer, Gregory E. Petersen, she is "no longer in possession of said billing entries, and [has] been unable to obtain those billing entries for such time." (Klaus Decl. ¶ 16.) As a result, many of her billing entries are vague, block-billed, and cobbled together in a way that makes it very difficult for the Court to ascertain whether they are reasonable and appropriate. Moreover, a review of LOFK's submitted billing records reveals that many of the entries involve hours that are duplicative, clerical or administrative in nature, excessive, and that were spent on non-settling Plaintiffs, non-Nolan cases, or Plaintiffs' unsuccessful claims. Accordingly, the Court finds that LOFK's motion must be **DENIED** in its entirety.

## IV.
## CONCLUSION

For the foregoing reasons, LOHH's motion for attorney's fees and costs is **GRANTED in part**, and LOFK's motion for attorney's fees and costs is **DENIED**. The Court awards LOHH **$838,254.39** in attorney's fees and **$39,963.17** in costs. The City is **ORDERED** to pay these attorney's fees and costs to LOHH no later than March 14, 2014.

**IT IS SO ORDERED**.